PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HILDAWN DESIGN, LLC, | ) | |
| | ) | CASE NO. 5:25CV1257 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **DEFAULT JUDGMENT AGAINST** |
| ROMAN CRAFTED CO., | ) | **DEFENDANT AS TO THE ISSUE OF** |
| | ) | **LIABILITY ALONE** |
| Defendant. | ) | [Resolving ECF No. 5] |

Pending is Plaintiff's Motion for Default Judgment (ECF No. 5), served and filed on October 28, 2025.

**I.**

Plaintiff Hildawn Design, LLC brings this action against Defendant Roman Crafted Co. for infringement of the federally registered trademark "GIRLDAD®" (U.S. Trademark Registration No. 5,192,792) in violation of 15 U.S.C. § 1114 (Count I), unfair competition under 11 U.S.C. § 1125 (Count II), Ohio trademark infringement in violation of Ohio Rev. Code. §1329.66 and Ohio common law (Count III), Ohio unfair competition under Ohio Rev. Code § 1345.02 (Count IV), false designation of origin in violation of 15 U.S.C. § 1125(a) (Count V), deceptive trade practices under Ohio Rev. Code § 4165.02 (Count VI), and preliminary and permanent injunction to prevent further infringement and damages for Defendant's willful and unlawful conduct (Count VII). *See* Complaint (ECF No. 1).

This action arises from Defendant's unauthorized use of Plaintiff's trademark in the marketing, sale, and distribution of clothing and apparel. Defendant has manufactured,

advertised and sold merchandise identified with the GIRLDAD® mark, which is confusingly similar to Plaintiff's trademark. *See, e.g.*, ECF No. 1-4. Despite receiving notice of its infringing activities, Defendant has continued to use Plaintiff's trademark without authorization, causing consumer confusion and irreparable harm to Plaintiff's brand and reputation.

**II.**

Because Plaintiff's filing (ECF No. 5) is a bare-bones undeveloped motion, the Court required that Plaintiff serve and file a Supplement to ECF No. 5 that provides (1) developed argument, including citation to the record and relevant legal authority to establish Defendant's liability and (2) developed argument and evidence to support any claim for damages for each count in the Complaint (ECF No. 1). *See* Order (ECF No. 7). On December 1, 2025, Plaintiff filed a Memorandum in Support (ECF No. 8) that satisfies the first requirement of ECF No. 7. ECF No. 8, however, does not set forth developed argument and evidence to support any claim for damages for Counts I through VI. Finally, ECF No. 8 presents argument, albeit brief, to support Plaintiff's request for a permanent injunction enjoining Defendant from using Plaintiff's trademark in any manner (Count VII). *See* ECF No. 8 at PageID #: 39-40. The Court has been advised, having read the file and reviewed the applicable law.

Plaintiff seeks an award of Defendant's profits, actual damages, and the costs of this action. Plaintiff also seeks treble damages and attorneys' fees due to Defendant's willful and malicious conduct. Plaintiff requests an accounting pursuant to Fed. R. Civ. P. 55(b)(2)(A) to determine Defendant's profits attributable to the infringement, and a hearing pursuant to Fed. R. Civ. P. 55(b)(2)(B) in order to determine the amount of actual damages resulting from Defendant's profits.

Defendant was duly served by FedEx with summons and the Complaint (ECF No. 1), *see* ECF No. 4; but, has failed to plead or otherwise defend. The Clerk entered the default of Defendant pursuant to Fed. R. Civ. P. 55(a). *See* ECF No. 6, entered and served on October 29, 2025. For good cause shown, Plaintiff's Motion for Default Judgment (ECF No. 5) is granted in part without opposition as to the issue of liability alone regarding Counts I, II, III (for Ohio common law trademark infringement), and Counts V through VII. It is denied as to Count III (for Ohio trademark infringement in violation of Ohio Rev. Code. §1329.66) and Count IV (for Ohio unfair competition under Ohio Rev. Code § 1345.02).

**A.**

Although Plaintiff's mark is federally registered, nothing in the Complaint (ECF No. 1) suggests it was also registered with the Ohio Secretary of State under Ohio Rev. Code §§ 1329.54 to 1329.67. Plaintiff cannot, therefore, sustain its statutory cause of action in Count III based on § 1329.66. *See Hildawn Design, LLC v. Right Here at Home*, No. 5:25CV1247, 2026 WL 1758208, at *7 (N.D. Ohio June 18, 2026) (citing *DeGidio v. West Grp. Corp.*, 191 F. Supp.2d 904, 909 (N.D. Ohio 2002) ("In order to sustain his cause of action in Count II, Plaintiff must own a *registered* trademark, *see* OHIO REV. CODE ANN. §1329.66, and Plaintiff has not fulfilled this requirement." (emphasis in original), *aff'd*, 355 F.3d 506 (6th Cir. 2004)).

**B.**

Plaintiff also improperly moves for judgment on a claim it did not plead in the Complaint (ECF No. 1). Plaintiff's claim for unfair competition under Ohio law (Count IV) asserts that "[d]efendant's use of Plaintiff's trademark, GIRLDAD®, constitutes an act of unfair competition in violation of O.R.C. § 1345.02." ECF No. 1 at PageID #: 7, ¶ 46. Section 1345.02 is part of

the Ohio Consumer Sales Practices Act ("OCSPA"). Plaintiff's Memorandum in Support, however, cites a different statute. The motion seeks a judgment that Defendant is liable for unfair competition under Ohio Rev. Code § 4165.02, which is Ohio's Deceptive Trade Practices Act. *See* ECF No. 8 at PageID #: 37. Because Plaintiff did not specifically plead an Ohio unfair competition claim under § 4165.02 in this count of the complaint, Count IV is not well-pleaded, and the Court cannot grant default judgment on that claim. *See* *Hildawn Design*, 2026 WL 1758208, at *8 (N.D. Ohio June 18, 2026) (citing Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

**C.**

Once default is entered, the well-pleaded allegations of the complaint are deemed admitted, except those relating to the amount of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *see also* Fed. R. Civ. P. 8(b)(6). Plaintiff, having established that Defendant infringed upon its trademark rights willfully, is entitled to an accounting to determine the amount of monetary relief it may recover under 15 U.S.C. § 1117, including whether it is appropriate to award Defendant's profits and the full extent of Plaintiff's damages. Accordingly, the Court orders an accounting to determine Defendant's profits attributable to its infringement.

**III.**

As stated above, Plaintiff's Motion for Default Judgment (ECF No. 5) is granted in part without opposition as to the issue of liability alone regarding Counts I, II, III (for Ohio common law trademark infringement), and Counts V through VII. It is denied as to Count III (for Ohio trademark infringement in violation of Ohio Rev. Code. §1329.66) and Count IV (for Ohio unfair competition under Ohio Rev. Code § 1345.02).

(5:25CV1257)

On or before 14 days from the date of the within Order, Plaintiff shall file (1) a Proposed Permanent Injunction under 15 U.S.C. §§ 1116 and 1118 and (2) a proposed schedule and evidentiary proffer for determining the amount of Defendant's profits and Plaintiff's actual damages, as well as attorney's fees.

Plaintiff's counsel, Faith Dylewski, shall immediately serve a copy of the within Order upon Defendant Roman Crafted Co. and file a proof of service.

IT IS SO ORDERED.

August 20, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge