**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HILDAWN DESIGN, LLC** | § | **CASE NO. 5:25-CV-01257-BYP** |
| | § | |
| | § | **CHIEF JUDGE:** |
| **Plaintiff,** | § | **BENITA Y. PEARSON** |
| | § | |
| **v.** | § | **PROPOSED PERMANENT** |
| | § | **INJUNCTION UNDER 15 U.S.C. §§ 1116** |
| **ROMAN CRAFTED CO.** | § | **AND 1118** |
| | § | |
| **Defendant.** | § | |

This matter is before the Court following the entry of default judgment against Defendant Roman Crafted Co. ("Roman Crafted") as to liability on Count I (trademark infringement, 15 U.S.C. § 1114), Count II (unfair competition, 15 U.S.C. § 1125), Count III (Ohio common-law trademark infringement), Count V (false designation of origin, 15 U.S.C. § 1125(a)), and Count VII (permanent injunction). The Court, having entered default judgment on liability and having found that Roman Crafted's infringement was willful, and being fully advised, **FINDS** and **ORDERS** as follows.

**FINDINGS**

1. Plaintiff Hildawn Design, LLC ("Hildawn") owns U.S. Trademark Registration No. 5,192,792 for the mark GIRLDAD®, registered on the Principal Register of the United States Patent and Trademark Office, which is prima facie evidence of the validity of the mark, of Hildawn's ownership, and of Hildawn's exclusive right to use the mark in commerce under 15 U.S.C. § 1057(b).

2. Roman Crafted was duly served, failed to plead or otherwise defend, and the Clerk entered its default under Fed. R. Civ. P. 55(a). The well-pleaded allegations of the

Complaint are therefore deemed admitted, and Roman Crafted's infringement of the GIRLDAD® mark has been established as willful.

3. The Court has power to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant" of a registered mark and to prevent violations of 15 U.S.C. § 1125(a). 15 U.S.C. § 1116(a). Because a violation has been established, Hildawn is entitled to a rebuttable presumption of irreparable harm.

4. All four equitable factors governing permanent injunctive relief favor Hildawn: (a) Hildawn has suffered irreparable injury, which ordinarily follows from a likelihood of confusion in trademark cases; (b) there is no adequate remedy at law, because Roman Crafted's default permits the inference that it will continue to infringe; (c) the balance of hardships favors Hildawn, because an injunction merely requires Roman Crafted to comply with the law, while Hildawn faces continuing loss of sales and goodwill; and (d) the public interest favors enjoining infringement and preventing consumer confusion. No evidentiary hearing is required before entry of a permanent injunction on default, because there are no disputed factual issues.

5. Because Roman Crafted's willful violation of Hildawn's rights in a registered mark and of 15 U.S.C. § 1125(a) has been established, the Court may order the delivery up and destruction of all infringing articles in Roman Crafted's possession pursuant to 15 U.S.C. § 1118.

**IT IS HEREBY ORDERED** that Defendant Roman Crafted Co., and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are **PERMANENTLY ENJOINED AND RESTRAINED** from:

a. Using in commerce the mark GIRLDAD® (U.S. Reg. No. 5,192,792), or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar designation, in connection with the manufacture, importation, advertising, marketing, promotion, offering for sale, sale, or distribution of any goods or services, including apparel and hats;

b. Committing any act calculated or likely to cause consumers to believe that Roman Crafted's goods or services are sponsored by, approved by, authorized by, affiliated with, or otherwise connected to Hildawn;

c. Otherwise infringing the GIRLDAD® mark, falsely designating the origin of goods, or unfairly competing with Hildawn in any manner; and

d. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities described in subparagraphs (a) through (c) above.

**IT IS FURTHER ORDERED**, pursuant to 15 U.S.C. § 1118 that within sixty (60) days after service of this Order, Roman Crafted shall, at its own cost, deliver up to Hildawn for destruction all products, labels, signs, prints, packages, tags, wrappers, receptacles, and advertising material in its possession, custody, or control bearing the GIRLDAD® mark or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar designation, together with all plates, templates, matrices, and other means of making the same.

**IT IS FURTHER ORDERED**, pursuant to 15 U.S.C. § 1116(a), that within thirty (30) days after service of this Order, Roman Crafted shall file with the Court and serve on Hildawn a report in writing and under oath setting forth in detail the manner and form in which it has complied with this Order.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction over this action to enforce this Order and to determine the amount of Defendant's profits, Plaintiff's actual damages, any enhancement of that award, attorney's fees, and costs, in accordance with the separate schedule to be entered by the Court.

**IT IS SO ORDERED.**

Dated: ________________________

________________________________
CHIEF JUDGE BENITA Y. PEARSON